UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WILLIAM LOHMAN,

           Plaintiff,

  vs.

MELCHER MANUFACTURING, INC.;
NELSON-WESTERBERG, INC; et al.,

           Defendants.

NO. CV-13-048-JLQ

ORDER OF REMAND TO
SPOKANE COUNTY
SUPERIOR COURT

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 11) this matter to the Spokane County Superior Court. Defendants have filed Response briefs (ECF No. 15 & 16). Plaintiff filed a Reply brief (ECF No. 17).

**I. Introduction/Procedural History**

This action was filed in Spokane County Superior Court on September 10, 2012. (ECF No. 1). The removing Defendant, Newesco, Inc., d/b/a Nelson Westerberg, Inc. ("Newesco"), was served with a copy of the Amended Complaint on December 10, 2012. (ECF No. 1). Newesco filed a Notice of Removal in this court on January 29, 2013, wherein the purported basis of jurisdiction is diversity of citizenship. Newesco states that co-Defendant Melcher Manufacturing, Inc. ("Melcher"), a Washington corporation, consents to removal. On February 4, 2013, this court issued an Order (ECF No. 9) addressing apparent procedural defects in the removal. On February 28, 2013, Plaintiff timely filed a Motion to Remand.

**II. Discussion**

Federal courts are courts of "limited jurisdiction" and jurisdiction is a "threshold

ORDER - 1

question which must be answered prior to the disposition of each case." *Libhart v. Santa Monica Dairy*, 592 F.2d 1062, 1064 (9th Cir. 1979). Plaintiff argues that the removal is defective for two reasons: 1) timeliness, and 2) violation of the so-called 'forum defendant' rule in 28 U.S.C. § 1441(b)(2). These are the same defects set forth in the court's Order of February 4, 2013.

**1. Timing**

28 U.S.C. Section 1446(b)(1) and (b)(3) provide that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant," of the initial pleading or "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Notice of Removal states that the removing Defendant, Newesco, was served with the Amended Complaint on December 10, 2012. Newesco did not file the Notice of Removal until January 29, 2013, or 50 days after it received the Amended Complaint.

Newesco contends that it could not ascertain the case was removable based on diversity of citizenship jurisdiction until January 2, 2013, when Plaintiff's counsel indicated she was seeking more than $75,000 in damages. (ECF No. 1, p. 4). The Amended Complaint alleges that Plaintiff's injuries were "severe and disabling". It further seeks damages for personal injuries, lost wages, medical expenses, loss of consortium, and seeks attorneys fees. Although the Amended Complaint did not plead damages in excess of a specific amount in the *ad damnum*, it appears that Defendants could ascertain that if Plaintiff was successful in establishing his claims, damages would likely exceed $75,000.

Furthermore, the Amended Complaint was removable **on its face** on other grounds. The Amended Complaint asserted at Paragraph 3.2.2 that Plaintiff's termination was in violation of the Americans with Disabilities Act. (ECF No. 3). Newesco offers no valid reason for its untimely removal.

ORDER - 2

The timing requirement of Section 1446(b) is "mandatory," but it is not jurisdictional. See *Lewis v. City of Fresno*, 627 F.Supp.2d 1179,1182 (E.D. Cal. 2008); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980). Being a "procedural defect," untimely removal may be waived if not timely asserted by the non-removing party in a motion to remand pursuant to Section 1447(c). Plaintiff has timely asserted the defect in the Motion to Remand. As Plaintiff has challenged statutory compliance, Defendants have the burden of demonstrating procedural compliance with the statute. See *Riggs v. Plaid Pantries*, 233 F.Supp.2d 1260, 1264 (D. Or. 2001). As discussed *supra*, Defendants have failed to demonstrate that removal was timely.

### 2. Forum Defendant Rule

Newesco claims that removal is proper based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. However, 28 U.S.C. § 1441 (b)(2) states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Newesco asserts in its Notice of Removal that co-Defendant, Melcher Manufacturing, is a Washington corporation. (ECF No. 1, p. 2). Thus, pursuant to Section 1441(b)(2), the action "may not be removed". Despite this seemingly clear language, the Ninth Circuit has held that a failure to comply with the statutory language, the so-called 'forum defendant rule', does not deprive the court of jurisdiction. Rather, the Ninth Circuit has determined that it is a procedural defect. See *Lively v. Wild Oats Markets*, 456 F.3d 933 (9th Cir. 2006). In *Lively*, the court confronted the issue as one of first impression and noted that there was a Circuit split. The Ninth Circuit joined the majority of Circuits in holding that the 'forum defendant rule' is not jurisdictional.

Although a waivable defect, Plaintiff timely raised this defect in his Motion to Remand. Newesco concedes "it erroneously failed to consider Melcher Manufacturing's status as a forum Defendant in this litigation." (ECF No. 16, p. 2). Thus, there are two clear procedural defects with this removal, which have been timely asserted by Plaintiff.

ORDER - 3

**3. Standing**

Despite the clear failure to comply with the removal statutes, both Newesco and Melcher argue that Plaintiff lacks standing and the proper course of action is dismissal, not remand. The Defendants argue that Plaintiff filed for bankruptcy in the Eastern District of California in 2011, and that therein he failed to disclose the existence of the claims now asserted in this action as assets of the bankruptcy estate. (ECF No. 15, p. 2). Defendants argue that Plaintiff's alleged claims in this action precede his bankruptcy filing and are therefore assets of the bankruptcy estate and Plaintiff lacks standing to assert them here. Lacking standing, Defendants argue he cannot file a motion to remand.

It would not honor Plaintiff's choice of forum to decide the question of standing in this court, when Defendants have clearly improperly removed the action. Additionally, it does not seem to serve judicial efficiency to have this court determine the question of standing when the action is improperly before this court. Further, even if this court were to determine that Plaintiff lacked standing, remand would be appropriate. See *Mirto v. American International Group*, 2005 WL 827093 (N.D. Cal. 2005)("a leading treatise on federal procedure suggests that remand, rather than dismissal, is appropriate when the plaintiff lacks standing in federal court" citing William W Schwazer, A Wallace Tashima & James M Wagstaffe, Federal Civil Procedure Before Trial, ¶ 2:1088.9 (2005)). A lack of standing is generally treated as a jurisdictional defect requiring remand, not dismissal. See *Maine Ass'n of Interdependent Neighborhoods v. Commissioner*, 876 F.2d 1051, 1054 (1st Cir. 1989)(lack of standing is jurisdictional requiring remand); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3rd Cir. 1994)("Our conclusion does not require us to dismiss the case, for a determination that there is no standing does not extinguish a removed state court case."); *Doe v. Match.com*, 789 F.Supp.2d 1197, 1199 n. 3 (C.D. Cal. 2011)("Where a plaintiff in a removed action lacks federal standing to sue, the action should generally be remanded, not dismissed.").

There is no need for this court to determine the matter of standing. If the question

ORDER - 4

were determined adversely to Plaintiff, remand would be appropriate. Remand is already appropriate based on the untimeliness of removal and violation of the 'forum defendant' rule under § 1441(b)(2). The question of standing can be addressed by the state court.

4. **Attorneys Fees and Costs**

Plaintiff's Motion to Remand seeks reasonable attorney's fees and costs. Section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus an award of fees and costs is discretionary. The Supreme Court has offered guidance as to the exercise of that discretion, holding that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The court declines to award fees and costs.

**III. Conclusion**

Defendants in removing this action failed to comply with the removal statutes. The removal was both untimely and violated the 'forum defendant' rule of § 1441(b)(2). Plaintiff timely raised these issues in his Motion to Remand. The court does not reach the issue of standing for the reasons that the removal was improper, and that even if the court determined Plaintiff lacked standing in this court it would remand the action. The parties have briefed the issue of standing in Defendants' Motion to Dismiss (ECF No. 10). They can present that issue, which is already briefed, to the state court upon remand.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART.** It is granted to the extent that the matter is remanded, and is denied as to the request for fees and costs.

2. The Clerk shall deliver a certified copy of this Order to the clerk of Spokane County Superior Court. The Spokane County Superior Court may thereupon proceed with the case pursuant to 28 U.S.C. § 1447(c).

ORDER - 5

1    **IT IS SO ORDERED.** The Clerk shall enter this Order, furnish copies to counsel, and the Clerk of the Superior Court in and for the County of Spokane, and close this file.

Dated this 22nd day of March, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6